NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DEENA R. DAVIS,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 25-1741

D.C. No.
2:24-cv-00250-BAT

MEMORANDUM*

---

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted May 22, 2026**
Seattle, Washington

Before: HAWKINS, CLIFTON, and R. NELSON, Circuit Judges.

Deena Davis appeals the district court's order affirming the Commissioner

of Social Security's denial of her application for disability benefits. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and may reverse a denial of benefits only when that decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (quotation omitted). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted) (internal quotation marks omitted).

1. Davis argues that the ALJ erred by discounting the medical opinions of four physicians who submitted form reports indicating that Davis suffered moderate to severe physical and psychiatric impairments. The ALJ, however, reasonably determined that the medical opinions were unpersuasive because they were not supported by specific objective findings and were inconsistent with the physicians' own clinical notes and the overall medical record tending to show that Davis suffered only mild to moderate limitations. *See* 20 C.F.R. § 404.1520c(c)(1).

2. Davis argues that the ALJ erred by discounting her testimony concerning the severity of her symptoms. The ALJ, however, provided clear and convincing reasons for rejecting her testimony by citing specific documents from the record, indicating that Davis's physical and mental impairments were only mild to moderate. In addition, the ALJ found that Davis's impairments had responded well to treatment, which is a well-established reason for an ALJ to discount subjective

symptom testimony. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Finally, the ALJ considered evidence suggesting that Davis's subjective report of her symptoms may have been influenced by her medication seeking behavior, which can contribute to an adverse credibility finding. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).

3. Davis argues that the ALJ erred in rejecting the lay witness statement from her boyfriend. When an ALJ provides clear and convincing reasons for rejecting a claimant's testimony, and a lay witness's testimony is "similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ provided clear and convincing reasons for rejecting Davis's symptom testimony, which provided sufficient grounds to reject her boyfriend's statement.

4. Davis's arguments that the ALJ erred in assessing her residual functional capacity and in posing incomplete hypothetical questions to the vocational expert are derivative of her arguments about the discounting of her medical opinions, symptom testimony, and lay witness statement, and therefore fail for the same reasons. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001)

(explaining that the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").

5. Davis argues that the ALJ erred by failing to award benefits beginning in April 2023, when Davis turned fifty years old, based upon Medical-Vocational Rule 201.09, which provides that any claimant limited to sedentary work that is at least fifty years old is entitled to a finding of disability. 20 C.F.R. Pt. 404, subpt. P, App. 2. This rule, however, does not apply where the ALJ correctly determined that Davis was capable of light work with certain restrictions, and that determination was supported by substantial evidence.

**AFFIRMED**.

25-1741